IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AMAZING LASH FRANCHISE, LLC, §
    Plaintiff, §
§
v. § CIVIL ACTION NO. H-18-4671
§
SCOTT D. NGUYEN, *et al.*, §
    Defendants. §

# **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 42] filed by Defendants Scott D. Nguyen, 2621 Amazing River Oaks, LLC, 1923 Amazing Sawyer Heights, LLC, 1415 Amazing Voss, LLC, 9650 Amazing Woodlake, LLC, 10927 Amazing Vintage Park, LLC, 6501 Amazing Grand Lakes Katy, LLC, and Hawthorne Heights, LLC ("Hawthorne Heights"), seeking dismissal of the statutory fraud, common law fraud, negligent misrepresentation, and civil conspiracy claims asserted by Plaintiff Amazing Lash Franchise, LLC. Defendants argue that Plaintiff lacks standing to assert these claims. Plaintiff filed a Response [Doc. # 43], and Defendants filed a Reply [Doc. # 45]. Having reviewed the record and the applicable legal authorities, the Court **grants** the Motion to Dismiss and **dismisses** the statutory fraud, common law fraud, negligent misrepresentation, and civil conspiracy claims because Plaintiff lacks standing to assert them.

I.      **BACKGROUND**

"Amazing Lash" studios provide eyelash extensions and other beauty care products and services. In 2012, Amazing Lash Studio Franchise, LLC ("ALSF") was formed to offer "Amazing Lash" franchises. In October 2017, the original "Amazing Lash" studios were sold to Hawthorne Heights, owned by Nguyen, pursuant to three separate Sale and Purchase Agreements. In early November 2017, ALSF entered into three separate Transfer Agreements with Nguyen and Hawthorne Heights. Also in early November 2017, ALSF entered into franchise agreements with Defendants.

In June 2018, Plaintiff was incorporated in the state of Delaware. In September 2018, Plaintiff acquired the "Amazing Lash" franchise system indirectly from ALSF, and assumed all existing franchise agreements.

Plaintiff alleges that Defendants failed to comply with their obligations under the franchise agreements. As a result, Plaintiff sent Defendants notices of termination of the franchise agreements. Plaintiff alleges that Defendants failed to comply with their post-termination obligations. *See* Amended Complaint [Doc. # 28], ¶¶ 39-40. Plaintiff sued Defendants, asserting multiple causes of action, including trademark-related claims. Plaintiff also asserted claims for statutory fraud, common law fraud, negligent misrepresentation against Scott Nguyen and Hawthorne Heights, and a civil conspiracy claim against all Defendants, alleging a civil conspiracy to commit fraud.

Defendants filed a Rule 12(b)(1) Motion to Dismiss, asserting that Plaintiff lacks standing to assert these fraud-based claims. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.   STANDARD FOR RULE 12(b)(1) MOTION TO DISMISS

A defendant may file a motion asserting lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). For a federal court to have subject matter jurisdiction, the plaintiff must establish constitutional standing to sue. *See Glass v. Paxton*, 900 F.3d 233, 238 (5th Cir. 2018). "One requirement of constitutional standing is that the plaintiff must have suffered (or be imminently threatened with suffering) the alleged injury." *Pelletier v. Victoria Air Conditioning, Ltd.*, __ F. App'x __, 2019 WL 3071870, *3 (5th Cir. July 12, 2019) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014)). The party invoking federal jurisdiction bears the burden of establishing standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Standing is a question of law for the court. *See Friends of St. Francis Xavier Cabrini Church v. Fed. Emergency Mgmt. Agency*, 658 F.3d 460, 466 (5th Cir. 2011). The Court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016).

Subject to certain exceptions, Texas law grants assignees standing to assert assigned claims. *See Southwestern Bell Tel. Co. v. Marketing on Hold Inc.*, 308 S.W.3d 909, 916 (Tex. 2010); *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 705-07 (Tex. 1996). One such exception is for fraud-based claims. "A fraud claim is personal to the defrauded party." *Baker v. City of Robinson*, 305 S.W.3d 783, 788 (Tex. App. – Waco 2009); *Vial v. Gas Sols., Ltd.*, 187 S.W.3d 220, 227 (Tex. App. – Texarkana 2006, no pet.) (citing *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976)). Therefore, "only the defrauded party has standing to assert a fraud claim." *Zaan, LLC v. Sangani*, 2015 WL 2398652, *4 (Tex. App. – Dallas, May 20, 2015) (citing *Nobles*, 533 S.W.2d at 927). An assignee of a contract that was not a party to the fraudulent transaction does not have standing to sue unless he was "*specifically* assigned causes of action for fraud . . .." *See In re JNS Aviation, LLC*, 376 B.R. 500, 533-34 (Bankr. N.D. Tex. 2007), *aff'd sub nom. JNS Aviation, Inc. v. Nick Corp.*, 418 B.R. 898 (N.D. Tex. 2009), *aff'd sub nom. In re JNS Aviation, L.L.C.*, 395 F. App'x 127 (5th Cir. 2010).

## III. ANALYSIS

In this case, Plaintiff did not come into existence until after the alleged misrepresentations were made to ALSF. Plaintiff argues that it has standing to assert the fraud-based causes of action because ALSF assigned them to Plaintiff. To support its argument, Plaintiff relies on an Asset Purchase Agreement in which Wellness and Vitality Exchange, LLC ("WAVE") purchased franchise assets from ALSF, and a Buyer Assignment Agreement in which WAVE assigned the purchased assets to Plaintiff.

In the Asset Purchase Agreement, ALSF assigned to WAVE all "claims or causes of action . . .." *See* Asset Purchase Agreement, Exh. A to Response, ¶ 2.1(h). In the Buyer Assignment Agreement, WAVE assigned to Plaintiff its "right, title and interest" under the Asset Purchase Agreement "to acquire all the Purchased Assets." *See* Buyer Assignment Agreement, Exh. B to Response, ¶ 2. Neither agreement specifically assigns ALSF's fraud-based claims to WAVE or to Plaintiff. Indeed, neither agreement mentions fraud-based claims at all. Because the fraud-based claims, which were personal to ALSF, were not specifically assigned to Plaintiff, Plaintiff lacks standing to assert them in this lawsuit.

## IV. CONCLUSION AND ORDER

ALSF did not expressly assign to Plaintiff its causes of action for statutory fraud, common law fraud, negligent misrepresentation, and civil conspiracy to commit fraud. Consequently, Plaintiff lacks standing to assert these claims. It is, therefore, hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 42] is **GRANTED** and the statutory fraud, common law fraud, negligent misrepresentation, and civil conspiracy claims are **DISMISSED** for lack of standing. All other claims remain pending.

SIGNED at Houston, Texas, this **23rd** day of **July, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE